IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEON YOUNG, a/k/a "BILL,"
a/k/a "JOE,"

    Petitioner,

v.                                                  Civil Action No. 5:16CV22
                                          (Criminal Action No. 5:13CR27-01)
                                                                   (STAMP)

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING THE REPORT AND**
**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The pro se[1] petitioner, Deon Young ("Young"), filed a petition pursuant to 28 U.S.C. § 2255 ("§ 2255") challenging the validity of his conviction and sentence. This matter was referred to United States Magistrate Judge James E. Seibert under Local Rule of Civil Procedure 72.01. The magistrate judge issued a report and recommendation denying the motion. Young timely filed objections to the report and recommendation. For the following reasons, this Court adopts and affirms the report and recommendation, denies the petition, overrules Young's objections, and dismisses this civil action.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

I.  Background

On June 4, 2013, Young was charged in a twenty-two count indictment. On October 25, 2013, Young entered a plea of guilty to Count One of the indictment, conspiracy to distribute cocaine base and heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. The plea agreement contained a binding agreement to a sentence of no more than 108 months, provided Young with the right to withdraw the plea if the Court did not accept the binding provision, and contained a waiver of Young's appellate and collateral attack rights. The Court accepted the binding plea agreement and sentenced Young to a term of 108 months imprisonment.

On February 22, 2016, Young filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. In his motion, Young claims that Johnson v. United States, 135 S. Ct. 2551 (2015), entitles him to a reduced or modified sentence. Young argues that, under Johnson, the application of the U.S.S.G. § 4B1.2 career offender status erroneously enhanced his sentence. Young also argues that neither his previous aggravated assault offense nor his previous attempted burglary offense was a crime of violence, and that neither offense resulted in a prison sentence exceeding one year. Thus, he concludes that the Chapter Four career offender enhancement should not have applied to his sentence.

Magistrate Judge Seibert recommended denying Young's motion, and Young filed objections. The magistrate judge found that Young

has no claim under Johnson and stated that Young did not assert any other basis for relief. The magistrate judge acknowledged that the presentence investigation report applied the Chapter Four career offender enhancement in calculating a sentencing recommendation under the Sentencing Guidelines. However, the magistrate judge also explained that Young was not sentenced pursuant to any recommendation under the Sentencing Guidelines. Rather, Young was sentenced pursuant to a binding plea agreement that imposed a sentence significantly less than any sentence recommended by the presentence investigation report. Thus, the magistrate judge concluded that this case did not require an analysis under Johnson.

Young objected to the magistrate judge's report and recommendation. Young reasserted his original Johnson-based argument and raised for the first time an ineffective assistance of counsel argument. In support of the new argument, Young states that his binding plea agreement was based on his counsel's erroneous conclusion that Young's prior convictions qualified him as a career offender. For that reason, Young claims that he involuntarily and unintelligently entered the binding plea agreement under the belief that his Sentencing Guideline range fell under offense level 32 rather than offense level 28.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation

3

to which an objection is timely made. Because Young filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made. As to those findings to which objections were not filed, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

III. Discussion

A. Timeliness of § 2255 Motion and Objections

A one-year statute of limitations period applies to both Young's original § 2255 motion and the ineffective assistance of counsel claim raised in his objections. 28 U.S.C. § 2255(f) (2012). That limitation period begins to run from the latest of four dates, which are the following:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1-4) (2012). Generally, a petitioner must be given notice before a district court sua sponte dismisses his or

her motion based on affirmative defenses that the Court raises. Hill v. Braxton, 227 F.3d 701, 706 (4th Cir. 2002). That notice may be unnecessary, however, "if it is 'indisputably clear' that the motion is untimely and cannot be salvaged through tolling." United States v. Sosa, 364 F.3d 507, 511 (4th Cir. 2004) (quoting Hill, 227 F.3d at 707). Young does not address the issue of timeliness in his original § 2255 motion or in his ineffective assistance of counsel claim, raised for the first time in his objections. This Court finds that notice is unnecessary because, as explained below, Young's motion is clearly untimely.

As quoted above, subsection one of § 2255(f) provides that the limitation period begins to run from "the date on which the judgment of conviction becomes final." The Supreme Court of the United States held that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003). Young's judgment of conviction became final on January 24, 2014. That means he had until January 24, 2015, to file his § 2255 motion. Young, however, filed his motion on February 22, 2016. Thus, under § 2255(f)(1), Young's motion is untimely.

Subsections two and four of § 2255(f) are inapplicable. As to subsection two, Young does not allege that the government impeded

his filing of a timely § 2255 motion. As to subsection four, Young raises no arguments concerning due diligence.

Subsection three of § 2255(f) is also inapplicable despite Young's argument based on Johnson v. United States, 135 S. Ct. 2551 (2015). Young's § 2255 motion would be timely if Johnson applied to this matter because Johnson is retroactively applicable to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016) (holding that Johnson is retroactive). Further, Young filed his § 2255 motion within one year of the Johnson decision. However, as the magistrate judge correctly states, Young has no claim under Johnson for two reasons.

First, Johnson struck down the residual clause of the Armed Career Criminal Act ("ACCA") for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. Johnson, 135 S. Ct. at 2563. That clause made any crime punishable by more than one year in prison and that "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another" a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii). The Armed Career Criminal Act is irrelevant to Young's conduct and sentence.

Second, the recent cases dealing specifically with the U.S.S.G. § 4B1.2(a)(2) career offender residual clause defining a "crime of violence" also do not apply to Young's case. The § 4B1.2 residual clause contains the same language as the ACCA residual

clause. The United States Court of Appeals for the Fourth Circuit recently addressed this residual clause in In re Hubbard, No. 15-276, 2016 WL 318417 (4th Cir. June 8, 2016). The Fourth Circuit did not find that the § 4B1.2 career offender residual clause was unconstitutional per se, but did grant the petitioner leave to file a successive § 2255 motion. Id. at *7. Shortly after that ruling, the Supreme Court of the United States granted a writ of certiorari in Beckles v. United States, No. 15-8544, 2016 WL 1029080 (June 27, 2016), which presents the issue of whether Johnson applies retroactively to collateral cases challenging federal sentences under the career offender residual clause.

Nonetheless, Young would not be entitled to relief on such grounds even if the Johnson holding is extended to career offenders. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Young was sentenced under a binding plea agreement that imposed a 108-month term of imprisonment, not under any Guideline sentence recommendation. With the Chapter Four career criminal enhancement, the Guidelines would have recommended a sentence of 210-262 months because Young's criminal history is Category VI and the offense level would go from the base offense level of 28 to 32. Therefore, the binding plea agreement imposed an imprisonment term significantly less than the Guideline recommendation for career offenders. Further, the 108-month imprisonment term Young received under the plea agreement is less

than even the Guideline sentence recommendation without the Chapter Four career offender enhancement. Without the enhancement, Young's offense level would remain at base level 28, which, with his criminal history still at Category VI, would have meant a sentencing recommendation of 140-175 months under the 2012 Guidelines.

For the above reasons, the applicable limitation period is subsection one of § 2255(f), under which Young's § 2255 motion is untimely.

B.  Ineffective Assistance of Counsel

As noted above, Young, in his objections, argues for the first time that his counsel was ineffective. As this argument was not asserted in his original § 2255 motion, Young should have sought pre-filing authorization. "[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)). "In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." Id. (citation omitted). Young has not obtained pre-filing authorization from the Fourth Circuit, and, thus, his claim for ineffective assistance of counsel must be dismissed as this Court lacks jurisdiction to hear such a claim.

8

Although Young may seek pre-filing authorization from the United States Court of Appeals for the Fourth Circuit, it is this Court's opinion that the ineffective assistance of counsel argument raised in Young's objections is time barred. As discussed above, the only applicable limitations period is under § 2255(f)(1), and, under that subsection, the argument is untimely because it was not raised before January 24, 2015. Further, even without the timeliness issue, it is also this Court's opinion that the ineffective assistance of counsel argument lacks merit. As discussed in the previous section, Young received a lesser sentence under his plea agreement than he would have under any potential application of the Sentencing Guidelines.

C.  <u>Certificate of Appealability</u>

Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. This memorandum opinion and order is a final order adverse to the applicant in a case in which 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability to take an appeal.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that Young has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A

prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that Young has not made the requisite showing. Accordingly, Young is DENIED a certificate of appealability by this district court. Young may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate of appealability.

## IV. Conclusion

For the reasons stated, the magistrate judge's report and recommendation (ECF No. 7/218) is AFFIRMED AND ADOPTED. Accordingly, Young's motion under 28 U.S.C. § 2255 (ECF No. 6/205) is DENIED. Further, Young's objections (ECF No. 8/222) are OVERRULED. It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should Young choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 12, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE